**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERSTATE FIRE AND CASUALTY COMPANY, | CIVIL ACTION NO. 17-11305 (JLL) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| SCHNELLBACHER-SENDON GROUP, LLC, *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

1.  The Court ordered the plaintiff, Interstate Fire and Casualty Company (hereinafter, "the Insurer"), to show cause why the complaint should not be dismissed either (a) for lack of diversity jurisdiction, or (b) based upon *Brillhart* abstention. (ECF No. 4.) *See* 28 U.S.C. § 1332; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 280–90 (1995) (reaffirming *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942)). For the following reasons, the Court dismisses the complaint based upon *Brillhart* abstention, and does so without prejudice to the Insurer to reinstitute its claims in the appropriate New Jersey state court within 30 days.

2.  The Court assumes that the parties are familiar with the facts and the legal arguments that were set forth in the Order to Show Cause, and will not repeat all of them

here. (*Id.* at 1–7.) The Court will only mention that an entity known as Rialto Capital Condominium Association, Inc. (hereinafter, "Rialto") brought an action in New Jersey state court to recover damages for deficient construction work (hereinafter, "the State Construction Action") against Schnellbacher-Sendon Group, LLC (hereinafter, "the Insured"), and that the State Construction Action is being actively litigated. (*Id.* at 1.) The Insurer provided insurance coverage to the Insured. (*Id.* at 2.) After the State Construction Action was commenced, the Insurer brought this federal action (hereinafter, "the Declaratory Judgment Action") against the Insured and another insurer for a judgment declaring that: (a) it is not obligated to defend and indemnify the Insured in the State Construction Action; or (b) in the alternative, the other insurer is obligated to contribute to the Insured's defense in the State Construction Action. (*Id.*)

3. In response to the Court's Order to Show Cause, the Insurer has shown that there is complete diversity of citizenship in this action. (ECF No. 10 at 5–6, 9–10; ECF No. 10-2 at 2.) Thus, the Court will not dismiss the complaint on that basis.

4. In addition, the Insurer objects to dismissal based upon *Brillhart* abstention. (ECF No. 10 at 12.) The defendants have not responded to the Court's Order to Show Cause on this issue.

5. The Court finds that the Insurer's arguments actually show that *Brillhart* abstention is appropriate. For instance, the Insurer argues that it covered the Insured from 2010 to 2011, but admits that the issue of when the underlying damages arose remains to

be determined in the State Construction Action. (*Id.* at 8, 12.) Indeed, the Insurer also admits that a complete determination of its declaratory-relief claims "may require the joinder of all interested parties, *including the underlying plaintiff*." (*Id.* at 16 (emphasis added).)

6. Furthermore, a comparison of the pleadings in both actions reveals that the Court would need to delve into issues concerning the Insured's alleged awareness of certain construction defects that are identical to the issues being addressed in the State Construction Action. (*Compare* ECF No. 1 at 3–9, 14–17 (the Insurer setting forth the allegations against the Insured in the Declaratory Judgment Action, and referring to the complaint in the State Construction Action), *with* ECF No. 1-2 at 14–15, 23–25 (Rialto setting forth the same allegations against the Insured in the State Construction Action).)

7. As a result, the Court concludes that there is a significant potential for conflicts to arise between determinations in the State Construction Action and the Declaratory Judgment Action, because a decision on the Insurer's coverage to the Insured may very well overlap with matters that are central to liability in the State Construction Action. The Third Circuit Court of Appeals has recognized that "[i]t is possible that, in certain circumstances, determining the issue of coverage will rely on questions central to the underlying liability proceeding," and thus "warrants a court's abstention." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 287 n.12 (3d Cir. 2017); *see also State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135–36 (3d Cir. 2001) (abstaining from the

adjudication of an insurance coverage action that was brought in federal court, and holding that "[t]he desire of . . . [the Insurer] to receive declarations in federal court on matters of purely state law has no special call on the federal forum").

8. The Insurer also argues that it "would be burdened if it were required to refile in state court because it would be required to possibly join additional parties and pay additional costs." (ECF No. 10 at 15.) However, that is a self-created burden, as the Insurer could have easily initiated its declaratory-relief claims in the same state court where the State Construction Action is pending.

9. Therefore, the Court finds that the Insurer's arguments are unavailing, and that *Brillhart* abstention is appropriate here. For good cause shown:

IT IS THEREFORE on this ___25th___ day of January, 2018, **ORDERED** that the complaint is dismissed without prejudice to the plaintiff to reinstitute its claims in the appropriate New Jersey state court within 30 days; and it is further

**ORDERED** that the action is closed.

JOSE L. LINARES
Chief Judge, United States District Court