NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERSTATE FIRE AND CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SCHNELLBACHER-SENDON GROUP, LLC; and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 17-11305 (JLL)<br><br>**OPINION & ORDER** |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

1.  The plaintiff insurer, Interstate Fire and Casualty Company (hereinafter, "IFCC"), moves in effect pursuant to Local Civil Rule 7.1(i) for reconsideration of an Opinion and Order entered by this Court on January 29, 2018 (hereinafter, "the January 2018 Order"). (*See* ECF Nos. 16 – 16-6.) IFCC's insured, Schnellbacher-Sendon Group, LLC (hereinafter, "the Insured"), opposes the motion. (ECF Nos. 17, 17-1, 19.) IFCC has not filed a reply to the Insured's opposition papers.

2.  This Court resolves the motion for reconsideration upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, the motion for reconsideration is denied.

3.      IFCC brought the instant action (hereinafter, "the Declaratory Judgment Action") in this Court for a judgment declaring that: (a) it need not defend or indemnify the Insured in a New Jersey State Court action (hereinafter, "the State Construction Action") brought against the Insured to recover damages for alleged deficient construction work; and (b) American Empire Surplus Lines Insurance Company (hereinafter, "AESLIC") is obligated to contribute to the Insured's defense in the State Construction Action. (ECF No. 1 (the complaint in the Declaratory Judgment Action); ECF No. 1-2 (the complaint in the underlying State Construction Action filed under No. L-13-4994 (N.J. Superior Court, Hudson County)).)

4.      The January 2018 Order dismissed the complaint without prejudice based upon the doctrine of *Brillhart* abstention. (ECF No. 15 (discussing *Wilton v. Seven Falls Company*, 515 U.S. 277, 280–90 (1995), which reaffirmed the holding in *Brillhart v. Excess Insurance Company*, 316 U.S. 491 (1942)).) In doing so, this Court concluded that any determination that it would issue in the Declaratory Judgment Action could directly interfere and conflict with the decisions rendered by the New Jersey State Court assigned to the State Construction Action. (*Id.*)

5.      This Court's review of the New Jersey State Court docket reveals that IFCC indeed reinstated the Declaratory Judgment Action against the Insured and AESLIC in New Jersey State Court on February 15, 2018, and that the Declaratory Judgment Action is being actively litigated there. *See* No. L-18-651 (N.J. Superior Court, Hudson County).

6.      More than four months after this Court issued the January 2018 Order, and more than three months after IFCC reinstated its Declaratory Judgment Action in New Jersey State Court, IFCC moved for reconsideration of the January 2018 Order. (ECF No. 16.)

7.      Pursuant to this Court's Local Civil Rules, a motion for reconsideration must be made within fourteen days of the entry of the order at issue. *See* L. Civ. R. 7.1(i). Here, IFCC did not file its motion for reconsideration until *one hundred and thirty days* after the entry of the January 2018 Order. (ECF No. 16.) As a result, this Court is authorized to deny the motion for being untimely. *See D. Russo Inc. v. Chiesa*, No. 12-2397, 2018 WL 2303790, at *1 (D.N.J. May 21, 2018) (denying a motion for reconsideration on the grounds of being untimely).

8.      Notwithstanding this untimeliness, this Court nevertheless finds IFCC's motion for reconsideration to be without merit.

9.      A motion for reconsideration of a district court's previous decision is meant to be an extremely limited procedural vehicle. *See Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000). District courts, which have the discretion to consider motions for reconsideration, must grant such motions sparingly. *See Caver v. City of Trenton*, 420 F.3d 243, 258 (3d Cir. 2005); *Cataldo v. Moses*, 361 F. Supp. 2d 420, 433 (D.N.J. 2004). A movant seeking reconsideration must show: (a) an intervening change in the controlling law; (b) the availability of new evidence that was previously unavailable; or (c) the need to correct a clear error of law or fact or to prevent manifest

injustice. *See Arrington v. McRae*, 683 F. App'x 108, 109 (3d Cir. 2017); *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

**10.** A movant seeking reconsideration of a district court's order may not seek to relitigate old matters and may not raise arguments or present evidence that could have been raised before the entry of the original order. *See Borestsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011); *Dunkley v. Mellon Inv'r Servs.*, 378 F. App'x 169, 172 (3d Cir. 2010).

**11.** IFCC's motion for reconsideration does not raise an intervening change in the controlling law, any previously unavailable evidence, a clear error of law or fact, or an instance of manifest injustice. Indeed, IFCC has duplicated most of its previous arguments that were already addressed by this Court in the January 2018 Order. For instance, IFCC argues again that this Court was barred from initially raising the issue of *Brillhart* abstention in a *sua sponte* Order to Show Cause. (*Compare* ECF No. 16-5 at 9–18 (IFCC so arguing in support of its motion for reconsideration), *with* ECF No. 10 at 10–19 (IFCC so arguing in opposition to this Court's earlier Order to Show Cause).) Again, this Court holds that the exercise of *Brillhart* abstention in a declaratory-judgment action is discretionary. (ECF No. 15 at 2–4 (the Court holding the same in the January 2018 Order).) *See also State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000) (holding that discretionary authority to abstain from exercising jurisdiction over a declaratory-judgment action has been conferred upon the district courts, and that an

absolute right to proceed in federal court with such an action has not been conferred upon litigants).

**12.** In addition, the Insured has made this Court aware of yet another related action that is proceeding in New Jersey State Court, wherein the same Insured is seeking insurance coverage from insurance companies other than IFCC pursuant to certain indemnification agreements. (ECF No. 19 at 1–5 (the Insured arguing the same); *see also id.* at 7 (the complaint in the Insured's separate New Jersey State Court action that is proceeding under No. L-18-1154 (N.J. Superior Court, Hudson County)).) This state of affairs further buttresses this Court's conclusion that a determination by this Court in the Declaratory Judgment Action could easily interfere or conflict with a decision issued by a New Jersey State Court in a related case.

**13.** IFCC raises one arguably new piece of evidence that was previously unavailable. Specifically, IFCC argues that although this Court found that a trial in the State Construction Action was imminent, said trial has yet to occur because the Insured has surprisingly asserted certain defenses and counterclaims in the Declaratory Judgment Action that have slowed the progress of the State Construction Action. (ECF No. 16 at 2–6 (IFCC arguing the same, and further contending that the Insured has raised defenses such as failure to state a claim, failure to join necessary parties, estoppel, waiver, and laches); ECF No. 16-5 at 4–8 (IFCC arguing the same); *id.* at 13 (IFCC contending that "[t]his Court should not reward [the Insured] for hiding in the weeds and remaining silent

about its claims and defense[s]"); *see also* ECF No. 16-4 at 9–12 (the portion of the Insured's answer setting forth its defenses).)

14. However, the Insured counters in its opposition — notably, without contradiction by IFCC in its brief in support of the motion for reconsideration or in a reply — that the parties *agreed* to a delay in the filing of responsive pleadings in the Declaratory Judgment Action as it proceeded in New Jersey State Court until after a scheduled mediation conference. (ECF No. 17 at 8; *see also* ECF No. 17-1 at 26 (a so-ordered stipulation acknowledging that the parties agreed to delay the filing of responsive pleadings pending the outcome of mediation).) In light of this agreement, this Court holds that IFCC cannot reasonably argue that the Insured's later-filed responsive pleadings contained information that was surprising or newly available. Indeed, the Insured's choice to defend itself in the Declaratory Judgment Action by asserting common defenses after IFCC reinstated the action in New Jersey State Court should have been expected, and that choice can hardly be construed as being tantamount to a surprise.

15. This Court's own review of the docket for the State Construction Action also reveals that although the trial therein had been adjourned, the trial has been rescheduled for September 2018. *See* No. L-4994-13 (N.J. Superior Court, Hudson County). Thus, a trial still remains imminent.

16. Therefore, this Court denies IFCC's motion for reconsideration. *See Jackson v. City of Phila.*, 535 F. App'x 64, 69 (3d Cir. 2013) (noting the propriety of the

district court's denial of a reconsideration motion because the movant "did not argue any of the limited grounds for reconsideration"). For good cause shown:

**IT IS THEREFORE** on this _____11th_____ day of July, 2018, **ORDERED** that the motion for reconsideration (ECF No. 16) is denied, and it is further

**ORDERED** that this action is **CLOSED.**

_____
**JOSE L. LINARES**
Chief Judge, United States District Court